UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| ZIONS BANCORPORATION, N.A. (formerly known as ZB, N.A.), a National banking association, dba California Bank & Trust,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DENNIS UNIFORM MFG, LLC a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No. 2:24-cv-09238-AH-PVCx<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |
|---|---|

1       Dotan Y. Melech, the Court-appointed receiver ("Receiver") over Dennis
2  Uniform MFG, LLC ("Dennis Uniform") in this matter, by and through his
3  undersigned counsel of record, and Zions Bancorporation, N.A. (formerly known as
4  ZB, N.A.), a National Banking association, dba California Bank & Trust ("Zions
5  Bank") (collectively, the "Parties" or, individually, a "Party"), the secured creditor
6  in this case, by and through its undersigned legal counsel, hereby file this Stipulated
7  Protective Order ("Stipulation") to govern the production, use, and disclosure of
8  confidential information in this Case and any ancillary cases.
9       WHEREAS, the Receiver has issued and will further issue subpoenas duces
10 tecum to various non-parties seeking the production of Dennis Uniform's books and
11 records, and other documents and communications relating to their relationships and
12 interactions with Dennis Uniform. The information sought by the Receiver contains
13 or is likely to contain confidential or proprietary information, including trade secrets,
14 confidential financial and banking information, confidential research, and other
15 information that may be subject to federal privacy laws. Notwithstanding the express
16 language in the Receivership Order allowing the Receiver to gain access Dennis
17 Uniform's books and records, at least one non-party, Baker Tilly, has requested a
18 protective order to govern its production of documents responsive to the Receiver's
19 subpoena duces tecum. The Receiver anticipates other recipients of subpoenas duces
20 tecum or informal discovery requests will also request their production of
21 confidential information be governed by a protective order from this Court.
22      WHEREAS, Dennis Uniform has no corporate representative and is no longer
23 represented by counsel in this case. The Receiver, however, has been in constant
24 communication with Zions Bank regarding the Receiver's expeditious marshalling
25 and liquidation of the estate's assets, pursuant to the Receivership Order. Zions
26 Bank agrees that the production of confidential information should be governed by
27 a protective order. Through the Stipulation, the Receiver and Zions Bank are
28 requesting the Court enter an order governing the production, use, and disclosure of

LV 6950806.1

documents and communications designated as confidential, without a hearing, which will facilitate and expedite the Receiver's marshalling of Dennis Uniform's assets.

THEREFORE, in order to balance the public's interest in having access to information of public concern against the interest of protecting confidential information subject to state and Federal privacy laws, the Court approves the Stipulation on the following terms:

1. Either Party or any non-party may designate information or documents that it produces to any Party as "CONFIDENTIAL" when such documents embody matters that have not previously been made available to the public and that are confidential and proprietary in nature, including, without limitation, private, proprietary, and trade secret information under applicable law. Confidential information shall include, but is not limited to, any information that constitutes, reflects, or discloses trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, or strategic information, the disclosure of which the producing party believes in good faith might reasonably result in economic, competitive, regulatory, or business disadvantage or injury to the producing party (or its affiliates, personnel, or clients), and which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices. Confidential information shall also include sensitive information that is not otherwise publicly available, such as home addresses, social security numbers, dates of birth, bank account records, employment personnel files, home telephone records/numbers, tax records, and other similar financial information that may be subject to state or federal privacy laws.

2. As to designated confidential information, unless the Court has ruled that any such designated information is not confidential, neither Party nor their attorneys, employees, consultants, experts, nor agents will, prior to trial, make any such information available to any person other than court reporters, mediators,

discovery referees or any deponent during the course of such deponent's deposition in the Case or any ancillary cases.

3. The confidential information produced pursuant to this Stipulated Protective Order is to be used solely for the purpose of preparing for and conducting discovery, mediation, trial and hearings in the Case and shall not be used for any other purpose and shall not be used in connection with any proceeding other than the Case or any ancillary cases. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court include confidential information, the Party filing such papers shall designate such materials, or portions thereof, as "Confidential" and shall use its best efforts to file such papers under seal; provided, however, that a copy of such filing having redacted the confidential information may be made part of the public record. The Party filing confidential information under seal shall provide full, unredacted copies of the filings to the non-filing Party simultaneous with the filing under seal.

4. The Parties, their attorneys, experts, and consultants understand and agree that confidential information is not to be shared with persons or entities other than as provided for herein. Except with prior written consent of the designating party, confidential information may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court, stenographic reporters, and videographers at depositions; (b) the Parties (including, the Receiver, a Party's current officers and employees who need to know such information for purposes of prosecuting or defending any claim in this Case or related mediation or settlement conference; (c) counsel for the Parties; (d) fact witnesses that need to know such information or must be shown any confidential information to establish familiarity with the confidential document; (e) a mediator or other settlement judge selected or agreed upon by the Parties; (f) clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to

provide services in connection with this Case; (g) any other person by order of the Court after notice to all Parties and an opportunity to be heard, and (j) experts specifically retained as consultants or expert witnesses by a Party.

5. In the event that a Party wishes to use information contained in a document identified as confidential, and the desired use would result in the disclosure of such information to third parties, the Parties must first meet and confer in an attempt to reach an agreement regarding procedures for use that protects confidentiality. If the Parties cannot agree to such procedures, the information from the confidential document may only be used if filed under seal.

6. All documents containing information covered by this protective order shall be stamped "CONFIDENTIAL". To the extent documents are produced on electronic media, i.e., DVDs, CDs, USBs, etc., a "CONFIDENTIAL" stamp on the media device itself is sufficient to identify all documents contained within that media device as confidential.

7. If confidential documents are used in depositions, they shall be marked by the court reporter or clerk as "CONFIDENTIAL" and shall not be made part of the public transcript. Additionally, all depositions taken in connection with this Case or an ancillary case that contain confidential information may be designated as "Confidential" and thereby obtain the protections under this Order. The Parties shall have thirty (30) days from the date a deposition transcript is made available to serve notice to all Parties designating the transcript or portions thereof "Confidential."

8. The Parties have agreed to this Stipulation to facilitate discovery, the production of relevant evidence, and the exchange of documents and information without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under its terms, nor any proceedings shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at hearings or trial.

9. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document "Confidential" after it was initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to treat the document in accordance with the provisions of this Order, and upon request from the producing party, certify that the designated documents have been maintained as "Confidential."

10. Following the final termination of the Case or any ancillary case, the Parties, their attorneys, experts, and any other person executing Exhibit A shall destroy all confidential documents produced to them from the other Party. Notwithstanding this provision, counsel for the Parties is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential information.

11. This Protective Order shall not affect a Party's right to challenge the designation of any information as confidential by way of appropriate motion. A Party may so challenge the confidential designation by providing written notice of the challenge to the designating Party and if not consensually resolved, filing a motion with the Court to determine the confidentiality issue.

12. This Court shall have exclusive jurisdiction over the parties and persons receiving information pursuant to the terms of this Stipulation for the purpose of enforcing all obligations arising hereunder.

13. Nothing in this Order shall prevent disclosure as required by law or compelled by an order of the Court. If a party is subpoenaed or receives other lawful process or is ordered to produce confidential information, notice of such shall be given immediately to the designating Party so that the designating Party may timely

seek a protective order. If the designating Party promptly seeks a protective order, the Party served with the subpoena or order shall not produce any information designated in this Case or any ancillary case before a determination by the Court from which the subpoena or order issued.

14. The designation of matters as confidential pursuant to this Protective Order shall not constitute any admission or concession by the non-designating party, or any finding or order by the Court, that the documents or information therein are legally protectable proprietary information, intellectual property, trade secrets, or otherwise protected information under applicable state and Federal laws.

**GOOD CAUSE SHOWN BY THE PARTIES' AMENDED STIPULATION, IT IS SO ORDERED**.

DATED: October 24, 2025

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

LV 6950806.1

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, do hereby acknowledge and agree as follows:

1. I have received and read the Stipulated Protective Order entered in the matter entitled *Zions Bancorporation, N. A. v. Dennis Uniform MFG. LLC*, Case No. 2:24-cv-09238-AH-PVC pending before the United States District Court Central District of California, of which the form of this agreement is an attachment.

2. I understand the terms and provisions of the Stipulated Protective Order and agree to be bound by and to strictly adhere to all of its terms and provisions.

3. I hereby submit to the jurisdiction of the United States District Court Central District Of California, solely for the purpose of enforcement of the Stipulated Protective Order and this Acknowledgement and Agreement to be Bound.

DATED: _____, 20__.

_____
[Signature]

_____
[Name, Address, Telephone Number]

8

Exhibit A - Acknowledgement and Agreement to be Bound

LV 6950806.1